Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

12/06/2018 at 03:45:00 PM

Clerk of the Superior Court
By Giovanni Galon, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**LIMITED JURISDICTION**

| | |
|---|---|
| JACOB CORDELL, | CASE NO.: 30-2018-01035408-CL-NP-CJC |
| PLAINTIFF, | FIRST AMENDED COMPLAINT |
| -vs- | 1. Violation of the Fair Debt Collection Practice Act; |
| I.Q. DATA INTERNATIONAL, INC., and DOES 1-10, inclusive, | 2. Violation of the Rosenthal Fair Debt Collection Practices Act; |
| Defendant. | 3. Violation of the Fair Credit Reporting Act; and |
| | 4. Violation of California Consumer Credit Reporting Agencies Act |
| | JURY REQUESTED |
| | (Amount Not to Exceed $10,000) |

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788 *et seq.* (hereinafter "RFDCPA"), both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter, "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ.

1

FIRST AMENDED COMPLAINT

Code § 1785.25(a) (hereinafter, "CA CCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiff, JACOB CORDELL (hereinafter "Plaintiff"), is a natural person residing in Placer County, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(h), a "consumer" as defined by 15 U.S.C. § 1681a.

3. At all relevant times herein, Defendant I.Q. DATA INTERNATIONAL, INC. (hereinafter "Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5), and a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c)

4. Furthermore, Defendant regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CA CCRAA. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

5. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts

and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff and reported derogatory information on Plaintiff's consumer credit report, all in connection with collection on an alleged debt.

9. Plaintiff does not owe Defendant the alleged debt Defendant was, at all times relevant herein, attempting to collect from Plaintiff.

10. Defendant has attempted to collect an alleged, albeit erroneous, debt originally owed to RENEW AT THE SHOPS APARTMENTS (hereinafter, "RENEW"), in the amount of $2,268.65.

11. On or about November 27, 2018, Plaintiff contacted Defendant to get the balance owed, he was told by Defendant that they will not remove it from Plaintiff's credit and that they will try to garnish Plaintiff's wages.

12. However, Plaintiff owes no debt to RENEW, and the debt Defendant was attempting to collect was and is at all times relevant herein utterly erroneous.

13. Plaintiff moved out of RENEW and returned the keys on March 15, 2018.

14. Furthermore, Plaintiff disputed the validity of the debt as early as April of 2018.

15. Alas, Plaintiff's efforts to notify Defendant of the indisputable and unequivocal invalidity of the debt were to no avail, and Defendant continued its debt collection efforts and erroneous credit reporting.

16. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

17. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f);

d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)); and

e) Collecting an amount from Plaintiff that is not permitted by law (15 U.S.C. § 1692f(1));

f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (15 U.S.C. § 1692e(5))

18. Defendant furnished inaccurate and false information to the consumer credit reporting agencies. This has resulted in a negative effect on Plaintiff's credit score.

19. In or around April 2018, Plaintiff submitted a written dispute to the credit reporting agencies disputing the validity of the reporting furnished by Defendant.

20. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

21. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

22. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

23. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

24. Plaintiff has been damaged, and continues to be damaged, in the following ways:

      a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

      b. Decreased credit score which may result in inability to obtain credit on future attempts.

      c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

27. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

      a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

      b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

29. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

30. As a result of the above violations of the FDCPA, RFDCPA, FCRA, and CCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff reincorporates by reference all of the preceding paragraphs.

32. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

34. Plaintiff incorporates by reference all of the preceding paragraphs.

35. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and

D. For such other and further relief as may be just and proper.

**COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

36. Plaintiff incorporates by reference all of the proceeding paragraphs.

37. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

38. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

40. Pursuant to his right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff hereby demands, respectfully of course, a trial by jury on all issues so triable.

Respectfully submitted this 6th day of December, 2018.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff